

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00038-CR

BRANDY NICOLE LOPEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 144th District Court[1]
Bexar County, Texas
Trial Court No. 2017CR8035, Honorable Lorina I. Rummel, Presiding

March 27, 2019

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Brandy Nicole Lopez, appeals the trial court's judgment revoking her deferred adjudication community supervision, adjudicating her guilty of the offense of possession of a controlled substance,[2] and sentencing her to two years' confinement. Appellant's brief was originally due February 28, 2019, but was not filed. By letter of March 7, we notified appellant's counsel that the brief was overdue and admonished him that failure to file a brief by March 18 would result in the appeal being abated and the

---

[1] By order of the Texas Supreme Court, this appeal was transferred to this Court from the Fourth Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017) (third-degree felony).

cause remanded to the trial court for further proceedings without further notice. *See* TEX. R. APP. P. 38.8(b)(2), (3). To date, appellant's counsel has not filed a brief or had any further communication with this Court.

Accordingly, we abate this appeal and remand the cause to the 144th District Court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1. whether appellant desires to prosecute the appeal;

2. why a timely appellate brief has not been filed on behalf of appellant;

3. whether appellant has been denied the effective assistance of counsel;

4. whether new counsel should be appointed; and

5. if appellant desires to continue the appeal, the date the Court may expect appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by April 26, 2019. If it is determined that appellant desires to proceed with the appeal and has been denied the effective assistance of counsel, the trial court may appoint her new counsel; the name, address, email address, phone number, and state bar number of any newly-appointed counsel shall be included in the aforementioned findings. Should further time be needed to perform these tasks, then same must be requested before April 26, 2019.

It is so ordered.

Per Curiam

Do not publish.